IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>        Plaintiff(s),<br><br>v.<br><br>JANICE KUMM AND DEANN KUMM, as co-personal representatives of the ESTATE OF GAYLORD KUMM; DEANN KUMM, individually; ESTATE OF GAYLORD KUMM; BEN KUMM, individually, GLEN R. KUMM, individually; and STARR KUMM n/ka Starr Wallace, individually,<br><br>        Defendants. | No. 8:08-cv-290<br><br><br><br>**REPORT OF PARTIES' RULE 26(f) PLANNING CONFERENCE** |

Counsel for the Parties met on October 13, 2008, by telephone. Representing Plaintiff was Matthew M. Enenbach; representing Defendants were William G. Dittrick and Kenneth Hartman. The Parties discussed the case and jointly (except as noted below) make the following report:

## I.  INITIAL MATTERS

**A.**  **Jurisdiction and Venue:**  The Defendant(s) does \_\_\_\_  **does not  X**  contest jurisdiction and/or venue.

**B.**  **Immunity:**  The Defendant(s) has raised \_\_\_ will \_\_\_  **will not  X**  raise an immunity defense.

**C.**  N/A

**D.**  **Rule 11 Certification:** As a result of further investigation in accordance with Fed. R. Civ. P. 11 after filing the initial pleadings in this case, the Parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the

4826-3548-8259.1

court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered):  None.

## II.  REMAINING CLAIMS AND DEFENSES

**A.     Plaintiff's Claims, Elements Factual Application:**     The elements of the Plaintiff's claims and the elements disputed by Defendant(s) are as follows.  For each claim, list and number each substantive element of proof *and* the facts Plaintiff(s) claims make it applicable or established in this case (DO NOT simply repeat boilerplate conclusions from pleadings):

**CLAIM ONE: For Rescission of the Policy Pursuant to Neb. Rev. Stat. § 44-358**

Elements and Factual Application:

1.     Gaylord Kumm's statement on his December 8, 2006 Alteration of Application that he had not seen a doctor "for any reason since 2004 and [his] health has been stable and without any new symptoms or problems since that time" was a material misrepresentation.

2.     Gaylord Kumm's statements on his December 8, 2006 Certificate of Insurability that "Within the past five years (or since the date of application . . . if more recent)," that there had been no change in his health and that he had not "consulted, treated or been examined by a physician or other practitioner" were material misrepresentations.

3.     Gaylord Kumm's statement on his Application that the only other life insurance policy he maintained was from Lincoln Benefit Life with a face amount of $3,000,000 was a material misrepresentation.

4.     Gaylord Kumm's statement on his Alteration of Application that upon receiving coverage from Sun Life his total amount of life insurance in force would be $10,000,000 with no additional coverage pending or contemplated was a material misrepresentation.

5. Gaylord Kumm made the material misrepresentations on his Application, Certificate of Insurability and Alteration of Application knowingly and with the intent to deceive.

6. Plaintiff relied and acted upon Gaylord Kumm's material misrepresentations when it issued a life insurance policy with certificate number 020131760 (hereinafter, the "Policy").

7. Gaylord Kumm's misrepresentations were material and Plaintiff was deceived to its injury because Plaintiff would not have issued the Policy to Gaylord Kumm if he had disclosed his additional medical treatment after 2004, including but not limited to the October 23, 2006 emergency room visit and the visits to Dr. Dwight F. King on October 4 and 26, 2006.

8. Gaylord Kumm's misrepresentations were material and Plaintiff was deceived to its injury because Plaintiff would not have issued the Policy to Gaylord Kumm if he had disclosed his additional life insurance.

9. Based on Gaylord Kumm's material misrepresentations, Plaintiff is entitled to rescind the Policy.

Of these elements, Defendant(s) disputes the following numbered elements: <u>All</u>.

**CLAIM TWO: Declaratory Judgment**

Elements and Factual Application:

1. Plaintiff has effected all elements necessary to rescind the Policy.

2. In a letter dated July 8, 2008, Plaintiff notified the Defendants of such rescission and returned to the Estate of Gaylord Kumm the premium paid by Gaylord Kumm until the time of his death. Said premium amount including interest was $284,185.65.

3. Because Plaintiff has rescinded the Policy based on Gaylord Kumm's material misrepresentations, Plaintiff is entitled to declaratory judgment in its favor pursuant to 28 U.S.C. § 2201, *et seq.*, declaring that the Policy is rescinded, void *ab initio*, and the Beneficiaries have no claims for benefits under the Policy.

Of these elements, Defendant(s) disputes the following numbered elements: All.

**B.** **Defenses.** The elements of remaining affirmative defenses raised by the pleadings are as follows: List each affirmative defense raised or expected to be raised by the Defendant(s), the substantive elements of proof for it, *and* how the Defendant(s) claims the facts of this case make such defense applicable or established. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which Plaintiff(s) has the burden of proof.)

**FIRST DEFENSE:**

Elements and Factual Application:

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. For the reasons set forth below.

Of these elements, Plaintiff(s) disputes the following elements: All.

**SECOND DEFENSE:**

Elements and Factual Application:

1. The actions complained of by Plaintiff were caused by the actions or omissions of third-parties.

2. Sun Life's agents sent a letter on October 27, 2006, to Dr. Johnson requesting Gaylord Kumm's medical records from 2005 to the date of the letter.

3. Dr. Johnson sent Sun Life's agents the requested medical records.

4.     With full knowledge of Gaylord Kumm's medical records, Sun Life's agents completed the documents necessary for the insurance of the Sun Life insurance policy to Gaylord Kumm.

5.     Any alleged misrepresentations where that of Sun Life's agents, not of Gaylord Kumm.

Of these elements, Plaintiff(s) disputes the following elements: <u>All.</u>

### **THIRD DEFENSE:**

Elements and Factual Application:

1.     Plaintiff is estopped from seeking rescission by its and or its agents' actions.

2.     Sun Life's agents sent a letter on October 27, 2006, to Dr. Johnson requesting Gaylord Kumm's medical records from 2005 to the date of the letter.

3.     Dr. Johnson sent Sun Life's agents the requested medical records.

4.     With full knowledge of Gaylord Kumm's medical records, Sun Life's agents completed the documents necessary for the issuanc eof the Sun Life insurance policy to Gaylord Kumm.

5.     Any alleged misrepresentations where that of Sun Life's agents, not of Gaylord Kumm.

Of these elements, Plaintiff(s) disputes the following elements: <u>All.</u>

### **FOURTH DEFENSE:**

Elements and Factual Application:

1.     All facts material to the Policy were disclosed or otherwise known by Plaintiff's agents prior to the issuance of the Policy.

2.  Sun Life's agents sent a letter on October 27, 2006, to Dr. Johnson requesting Gaylord Kumm's medical records from 2005 to the date of the letter.

3.  Dr. Johnson sent Sun Life's agents the requested medical records.

4.  With full knowledge of Gaylord Kumm's medical records, Sun Life's agents completed the documents necessary for the issuance of the Sun Life insurance policy to Gaylord Kumm.

5.  Any alleged misrepresentations were that of Sun Life's agents, not of Gaylord Kumm.

Of these elements, Plaintiff(s) disputes the following elements: <u>All.</u>

**FIFTH DEFENSE:**

Elements and Factual Application:

1.  Plaintiff's attempt to seek rescission is limited by Neb. Rev. Stat. § 44-358 and is therefore barred because Plaintiff was not deceived to its injury.

2.  Sun Life's agents sent a letter on October 27, 2006, to Dr. Johnson requesting Gaylord Kumm's medical records from 2005 to the date of the letter.

3.  Dr. Johnson sent Sun Life's agents the requested medical records.

4.  With full knowledge of Gaylord Kumm's medical records, Sun Life's agents completed the documents necessary for the issuance of the Sun Life insurance policy to Gaylord Kumm.

5.  Sun Life could not have been deceived to its injury.

Of these elements, Plaintiff(s) disputes the following elements: <u>All.</u>

4826-3548-8259.1

**SIXTH DEFENSE:**

Elements and Factual Application:

1. Plaintiff knew, should have known, or should have investigated Gaylord Kumm's medical history and otherwise performed its underwriting activities with reasonable care and before a claim was made and therefore could not have reasonably relied upon any alleged misrepresentation, or have been allegedly deceived to its detriment as set forth in Plaintiff's Amended Complaint.

2. Sun Life did not exercise reasonable care in underwriting the policy.

3. Sun Life was not deceived to its detriment because it failed to use due care in underwriting the policy.

4. Sun Life's agents sent a letter on October 27, 2006, to Dr. Johnson requesting Gaylord Kumm's medical records from 2005 to the date of the letter.

5. Dr. Johnson sent Sun Life's agents the requested medical records.

6. With full knowledge of Gaylord Kumm's medical records, Sun Life's agents completed the documents necessary for the issuance of the Sun Life insurance policy to Gaylord Kumm.

7. Any alleged misrepresentations were that of Sun Life's agents, not of Gaylord Kumm.

8. Accordingly, Sun Life was not deceived to its detriment.

9. Sun Life's underwriting of the policy should have taken place before the policy was issued, not after the death of Gaylord Kumm and when a claim is made.

Of these elements, Plaintiff(s) disputes the following elements: <u>All.</u>

**SEVENTH DEFENSE:**

Elements and Factual Application:

1. Gaylord Kumm at all times acted in good faith and without any intent to deceive or defraud Plaintiff.

2. Gaylord Kumm's medical condition was disclosed to Sun Life agents.

3. Gaylord Kumm's physicians provided Sun Life's agents with Gaylord Kumm's medical records.

4. Gaylord Kumm acted in good faith.

5. Gaylord Kumm did not intent to deceive or defraud Sun Life.

Of these elements, Plaintiff(s) disputes the following elements: <u>All.</u>

**EIGHTH DEFENSE:**

Elements and Factual Application:

1. Any misrepresentation of fact in any document submitted to Plaintiff in connection with the policy was made without the knowledge or consent of Gaylord Kumm.

2. Gaylord Kumm's medical condition was disclosed to Sun Life agents.

3. Gaylord Kumm's physicians provided Sun Life's agents with Gaylord Kumm's medical records.

4. Gaylord Kumm acted in good faith.

5. Gaylord Kumm did not intend to deceive or defraud Sun Life.

Of these elements, Plaintiff(s) disputes the following elements: <u>All.</u>

**NINTH DEFENSE:**

Elements and Factual Application:

1. Plaintiff's action is barred by the terms of the Policy at issue.

   2.   The policy at issue is incontestable.

   3.   Gaylord Ku mm did not act with the intent to deceive or defraud Sun Life.

   4.   Gaylord Kumm paid the premiums as they were due.

   5.   The death benefits that arose on the death of Gaylord Kumm are due and owing to the beneficiaries of the policy.

   Of these elements, Plaintiff(s) disputes the following elements: <u>All.</u>

**C.   Defendants' Counterclaim, Elements Factual Application:**   The elements of the Defendant(s) counterclaim and the elements disputed by Plaintiff(s) are as follows.  For each counterclaim, list and number each substantive element of proof *and* the facts Plaintiff(s) claims make it applicable or established in this case (DO NOT simply repeat boilerplate conclusions from pleadings):

   Elements and Factual Application:

   1.   At the time of Gaylord Kumm's death on January 1, 2008, Gaylord Kumm had a valid and incontestable policy of life insurance, insuring his life through Sun Life Assurance of Canada, policy number 020131760, with the face amount of $10,000,000.

   2.   The beneficiaries of this policy are Gaylord Kumm's children DeAnn (Kumm) Napper, Ben Kumm, Glen Kumm, and Star (Kumm) Wallace.

   3.   Sun Life has wrongfully refused and continues to wrongfully refuse to pay benefits due under the policy.

   4.   Sun Life has breached the policy by failing to pay benefits due under its terms.

   5.   The basis for Sun Life's refusal to pay pursuant to the terms of the policy is baseless and in bad faith.

6. The death benefit under the policy is due and owing to the beneficiaries and should be paid.

Of these elements, Plaintiff(s) disputes the following numbered elements: <u>All except for element number 2.</u>

### III.  AMENDING PLEADINGS; ADDING PARTIES

**A.** The Plaintiff(s) **does  <u>X</u>**  does not <u> </u> anticipate need to amend pleadings or add parties. If necessary, Plaintiff(s) can file the necessary motions to add parties or amend pleadings by **<u>December 31, 2008</u>**. If more than sixty days, the reasons that much time is necessary are: <u>Upon information and belief, Plaintiff believes Gaylord Kumm's application for life insurance and corresponding documents may contain other misrepresentations.  In order to confirm these additional misrepresentations, Plaintiff must obtain documents from third-parties via subpoena. Plaintiffs may also need to bring additional claims against the Third-Party Defendants.</u>

**B.** The Defendant(s) **do  <u>X</u>**  does not <u> </u> anticipate need to amend pleadings or add parties. If necessary, Defendant(s) can file the necessary motions to add parties or amend pleadings by **<u>December 31, 2008</u>**. If more than sixty days, the reasons that much time is necessary are: <u>N/A</u>

**C.** Plaintiff(s) will <u>   </u> **will not <u>X</u>** move for class certification.  The proposed class is: <u>N/A</u> The earliest the motion for class certification can be filed is: <u>N/A</u>

### IV.  DISPOSITIVE MOTION ASSESSMENT

**A.** The following claims and/or defenses may be appropriate for disposition by early motion to dismiss: <u>None</u>.

**B.** The following claims and/or defenses may be appropriate for disposition by summary judgment or partial summary judgment: <u>All of Plaintiff's and Defendants' claims and defenses may be appropriate for disposition by summary judgment</u>.

**C.** The discovery necessary to determine whether to file dispositive motions on such claims and/or defenses is <u>written discovery, obtainment of documents from third-parties via subpoena, depositions of Defendants, depositions of representative of Plaintiff and depositions of Third-Party Defendants</u>. Discovery can be completed, at the earliest, by <u>March 2, 2009</u>.

### V. SETTLEMENT

**A.** **Status/Assessment of Settlement Discussions**. Counsel state:

**_X_**   There have been no efforts taken yet to resolve this dispute. <u>However, in a letter dated July 8, 2008, Plaintiff notified the Defendants of the rescission of the Policy and returned to the Estate of Gaylord Kumm the premium paid by Gaylord Kumm until the time of his death. Said premium amount including interest was $284,185.65.</u>

____   This dispute has been the subject of efforts to resolve it ____ prior to filing in court; _____ after court filing, but before the filing of this report. Those efforts consisted of:

____   Counsel believe that with further efforts in the *near* future, the case can be resolved, and the court is requested to delay entering an initial progression order for ____ days to facilitate immediate negotiations or mediation. Defendants' counsel will report to the court by letter at the end of this period on the status of such discussions.

**_X_**   Counsel have discussed the court's Mediation Plan and its possible application in this case with clients *and* opposing counsel. Mediation **may be** appropriate in this case at some point.

____   This case can be settled, but settlement is not very likely, and negotiations will be difficult because: __N/A__

____   This case will not be settled because: __N/A__

**B.     Next Step.**  The *minimum* discovery needed to conduct further settlement discussions is:

By Plaintiff(s):  <u>Written discovery regarding all facts and claims asserted by Plaintiff and all facts, claims and defenses asserted by Defendants as well as obtainment of documents by subpoena from third-parties</u>.

By Defendant(s):  <u>Written discovery regarding all facts and claims asserted by Plaintiff and all facts, claims and defenses asserted by Defendants as well as obtainment of documents by subpoena from third-parties</u>.

This discovery will be completed at the earliest by **March 2, 2009**.  Plaintiff(s) will then communicate to Defendant(s) a written, updated settlement proposal.

## VI.  DISCOVERY PLAN

The Parties submit the following plan for their completion of discovery:

**A.     Subjects for Discovery:**  Discovery will be necessary to resolve the following factual issues:

1.     Plaintiff's Discovery Plan – <u>(1) Written discovery i.e. interrogatories and Requests for Production; (2) Issuance of subpoenas to third parties; (3) Depositions, including those of Third-Party Defendants.</u>

2.     Defendants' Discovery Plan – <u>(1) Written discovery, (2) Subpoenas issued to third parties; and (3) depositions, including those of Third-Party Defendants</u>

**B.     Agreed Discovery Procedures:**

1.     Unique Circumstances:  The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:  **<u>This matter involves confidential medical records.</u>**

Counsel have agreed to the following actions to address that difficulty:  **<u>Defendants agree to execute and provide to Plaintiff a HIPAA compliant waiver so as to allow Plaintiff</u>**

4826-3548-8259.1

**to obtain all necessary medical records of the decedent Gaylord Kumm. Defendants also agree to provide Defendants, within 20 days, the names and contact information for all known health care professionals that provided care to Gaylord Kumm. This will effectively allow the parties to accelerate this litigation.**

  2. Electronic Discovery Provisions: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant—whether privileged or not—to the disposition of this dispute, including:

  (a) The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or other otherwise;

  (b) The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

  (c) The format and media agreed to by the Parties for the production of such data or information, as well as agreed procedure for such production;

  (d) Whether reasonable measures have been implemented to preserve such data;

  (e) The persons who are responsible for such preservation, including any third parties who may be access to or control over any such information;

  (f) The form and method of notice of the duty to preserve;

  (g) Mechanisms for monitoring, certifying, or auditing custodial compliance;

  (h) Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

  (i) Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

(j) The anticipated costs of preserving these materials and how such costs should be allocated; and

(k) The entry of and procedure for modifying the preservation order as the case proceeds.

The Parties agree that:

__X__ No special provisions are needed in respect to electronic discovery **at this as between Plaintiff and Defendants. However, Plaintiff and Defendants reserve the right to request special provisions at to the Third-Party Defendants when the time arises for the parties to file a Rule 26(f) Planning Conference Report as to the third-party action**. The court should order protection and production of such information in accordance with its usual practice.

____ The following provisions should be included in the court's scheduling order:

_____

3. Disclosures[1] required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses ____ have been completed; __X__ will be completed by: **October 31, 2008**.

4. Discovery will be conducted in stages or otherwise restricted, as follows (state agreed restrictions, stages, scheduling stays, etc). NOTE: The court will expect discovery necessary to considering the matters in Parts IV and V above to be undertaken first, unless there is good reason to delay it. N/A

5. __30__ Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

6. **10** Is the maximum number of depositions that may be taken by Plaintiff(s) as a group and Defendant(s) as a group. The parties reserve the right to seek depositions of additional persons by agreement or by leave of Court depending on results of written discovery.

7. Depositions shall be limited by Rule 30(d)(2) *except* the depositions of None , which by agreement shall be limited as follows: N/A

8. If expert witnesses are expected to testify at the trial, Plaintiff(s) agrees to at least identify such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2), by **December 31, 2008**. Defendant(s) agrees to at least identify such expert, by name and address by **January 30, 2009**.

9. The Parties stipulate that they shall be required to give at least **10** days' notice, unless waived, of their intention to serve records-documents subpoenas on third parties, to enable court consideration of them, if necessary, prior to issuance.

10. Other special discovery provisions agreed by the Parties or suggested by either party are: None.

## VII.  CONSENT TO TRIAL BEFORE MAGISTRATE JUDGE

The Parties do___ **do not  X** consent to trial before a magistrate judge, and if so, will send ___ have sent ___ the executed consent form to the clerk's office. (The consent forms require original signatures).

## VIII.  TRIAL SCHEDULING

**A.** The Parties now anticipate that the case can be ready for trial on or after **May 1, 2009** and (if more than eight months from now) the special problems or circumstances that necessitate that much time for trial preparation are: None.

4826-3548-8259.1

**B.** It now appears to counsel that the trial of this case, if necessary, will require **4-5 jury trial days**.

**C.** **Jury Trial:** N/A

1. \_\_\_\_\_ Having previously demanded jury trial, the Plaintiff(s) now waives jury trial. Defendant(s) will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2. \_\_\_\_\_ Having previously demanded jury trial, the Defendant(s) now waives jury trial. Plaintiff(s) will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

3. \_\_\_\_\_ The Parties disagree on whether trial by jury is available in this case. A motion to strike the _____'s demand for jury trial will be filed no later than _____.

## IX. OTHER

Other: Other matters to which the Parties stipulate and/or which the court should know or consider: **It is likely that motions for summary judgment will contain confidential medical records of the decedent Galyord Kumm. As such, the parties ask this Court to enter an order allowing the parties to file said documents as Restricted Documents under the E-Government Act.**

Dated this 14th day of October, 2008.

    SUN LIFE ASSURANCE COMPANY OF CANADA, A FOREIGN CORPORATION, Plaintiff

    By: /s/ Matthew M. Enenbach
        Tory M. Bishop #18527
        Marcia A. Washkuhn #21022
        Matthew M. Enenbach #22891
        Kutak Rock LLP
        The Omaha Building
        1650 Farnam Street
        Omaha, NE  68102-2186
        (402) 346-6000

Dated this 14th day of October, 2008.

    JANICE KUMM AND DEANN KUMM, as co-personal representatives of the ESTATE OF GAYLORD KUMM; DEANN KUMM, individually; ESTATE OF GAYLORD KUMM; BEN KUMM, individually, GLEN R. KUMM, individually; and STARR KUMM n/ka Starr Wallace, individually, Defendants

    By: /s/ Kenneth W. Hartman
        William G. Dittrick #11024
        Kenneth W. Hartman #21954
        Baird Holm, LLP
        1500 Woodmen Tower
        1700 Farnam Street
        Omaha, NE  68102-2068
        (402) 636-8341

## CERTIFICATE OF SERVICE

      I hereby certify that on October 14, 2008, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification to the following CM/ECF participant(s) representing the Defendants in this matter:

    William G. Dittrick, wdittrick@bairdholm.com
    Kenneth W. Hartman, khartman@bairdholm.com

                                            By: /s/ Matthew M. Enenbach
                                                    Matthew M. Enenbach