IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) |
| Plaintiff, | ) )     8:08CV290 |
| v. | ) )     AMENDED |
| | )     STIPULATED PROTECTIVE ORDER |
| JANICE KUMM AND DEANN KUMM, as co-personal representatives of the ESTATE OF GAYLORD KUMM; DEANN KUMM, individually; ESTATE OF GAYLORD KUMM; BEN KUMM, individually, GLEN R. KUMM, individually; and STARR KUMM n/k/a Starr Wallace, individually, | ) ) ) ) ) ) ) ) |
| Defendants and Third-Party Plaintiff, | ) ) ) |
| v. | ) ) |
| GERALD BRYCE, JAMES GRENDELL, BRYAN REIL, and PARADIGM FINANCIAL SERVICES, LLC, | ) ) ) ) |
| Third-Party Defendants. | ) |

Plaintiff Sun Life Assurance Company of Company ("Plaintiff"), Defendants Janice Kumm, DeAnn Kumm, Ben Kumm, Glen R. Kumm and Starr Kumm (collectively, "Defendants"), and Third-Party Defendants Paradigm Financial Services, LLC, Gerald Bryce, James Grendell and Bryan Reil (collectively, "Third-Party Defendants") by and through their respective counsel, hereby stipulate and agree, and request an Order of this Court, to the following Protective Order ("Protective Order"):

    1.    Plaintiff, Defendants, and Third-Party Defendants stipulate and agree that they have an obligation to ensure the confidentiality of documents filed as Restricted Documents under the E-Government Act, all underwriting materials and agreements with non-parties whether or not related to the present matter which may be produced in this

case in response to any party's discovery requests or to testify or non-testifying experts. In addition, Plaintiff, Defendants, and Third-Party Defendants stipulate and agree that, in the case of any documents produced pursuant to a subpoena, the third-party providing the documents or any party to this case has the right to designate documents as confidential if they contain confidential customer records, client information, business records, underwriting materials, and agreements with non-parties, whether or not related to the present case. Accordingly, the parties show the Court that good cause exists for the entry of a protective order.

2. This Protective Order shall be without prejudice to the right of any of the parties of this action (i) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential as defined in Paragraph 1 of this Protective Order; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Protective Order on any ground. During the pendency of any challenge to the applicability of this Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

3. Documents, things, testimony, pleadings, various matters and information designated as confidential by any party to this action ("Confidential Information"):

    (a) Shall be designated by a stamp, sticker or similar variation indicating that the documents are "Confidential," "Proprietary," "Trade Secret," "Subject to Protective Order" or some similar variation;

    (b) Shall be used only for the purpose of this litigation, including any appeals, and may not be used for any purpose or disclosed in any manner outside the reasonable conduct of this case even if said information is used or offered at trial or in open court;

    (c) Shall not be disclosed to anyone other than the Court, the parties hereto, their outside counsel, and the employees who are assisting such counsel in this litigation, any in-house counsel, employees of insurers for the parties hereto with

responsibilities respecting this litigation, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts;

(d) Shall be filed as Restricted Documents under the E-Government Act whenever said documents are filed with this Court; and

(e) If any party, attorney or individual shall disclose confidential material(s) or information to a consultant, expert witness, or non-party witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order.  A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure place and, upon request, such counsel shall produce the same to counsel for the non-disclosing party.  If any party discloses confidential material(s) or information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Protective Order.  Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order.

4. Nothing in this Protective Order shall be construed to limit the use of information regarding individuals obtained by lawful means or from sources other than this litigation.

5. Each party who discloses Confidential Information subject to this Protective Order to any person or entity not a party to the lawsuit, except as otherwise permitted herein, shall indemnify and hold harmless the other party for any loss, claim, suit or charge arising from or related to such disclosure.

6. This Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors and assigns from this date forward for documents first produced or disclosed from such date.

**IT IS SO ORDERED.**

Dated this 2nd day of April, 2009.

                                      BY THE COURT:

                                      s/Thomas D. Thalken
                                      United States Magistrate Judge

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I have read the Stipulated Protective Order ("Protective Order") entered by the United States District Court for the District of Nebraska in the action entitled *Sun Life Assurance Co. of Canada v. Janie Kumm et al v. Gerald Bryce et al.*, Case No. 8:08CV290. I understand the Protective Order is a court order designed to preserve the confidentiality of the "Confidential Information" designated under the terms of the Protective Order. I also understand the Protective Order restricts my use, disclosure and retention of such Confidential Information and also requires my safeguarding and/or return of documents and other materials containing Confidential Information as required by the Protective Order.

I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of any provision of the Protective Order.

Dated: _____

_____
Signature

_____
Name (Print)