## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) | |
| Plaintiff, | ) ) | 8:08CV290 |
| vs. | ) ) | ORDER |
| JANICE KUMM and DEANN KUMM, individually and as co-personal representatives of the ESTATE OF GAYLORD KUMM, BEN KUMM, GLEN R. KUMM and STARR KUMM, n/k/a Starr Wallace, | ) ) ) ) ) ) ) ) | |
| Defendants and Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| GERALD BRYCE, JAMES GRENDELL, BRYAN REIL and PARADIGM FINANCIAL SERVICES, LLC, | ) ) ) ) | |
| Third-Party Defendants. | ) | |

This matter is before the court on Sun Life Assurance Company of Canada's (Sun Life) Motion for Leave to File Second Amended Complaint (Filing No. 145). Sun Life attached the proposed pleading (Exhibit 1) to the motion and filed a brief (Filing No. 146), reply brief (Filing No. 149), and an index of evidence (Filing No. 150) in support of the motion. The defendants do not oppose Sun Life's motion. The third-party defendants filed a brief (Filing No. 147) and an index of evidence (Filing No. 148) in opposition to Sun Life's motion to amend.

## BACKGROUND

Sun Life filed the instant action on July 8, 2008, seeking declaratory judgment and recision of a life insurance policy pursuant to Neb. Rev. Stat. § 44-358. **See** Filing No. 1. Sun Life issued the life insurance policy to Gaylord Kumm, who executed an application

for the policy on April 18, 2006.  **See** Filing No. 18 - Amended Complaint ¶ 8.  As part of the application, Gaylord Kumm provided medical and other life insurance coverage information.  *Id.* ¶¶ 12-13.  Sun Life issued the requested life insurance policy for $10,000,000 of coverage and received the first premium payment on December 11, 2006. *Id.* ¶ 26.  DeAnn Kumm, Ben Kumm, Glen R. Kumm, and Starr Kumm are listed as beneficiaries of the policy.  *Id.* ¶ 14.  Gaylord Kumm died on January 1, 2008.  *Id.* ¶ 27. After Gaylord Kumm's death, Sun Life learned additional information about his medical condition.  *Id.* ¶¶ 28-41.  Additionally, Sun Life learned Gaylord Kumm maintained life insurance policies from other companies prior to approval for the Sun Life policy.  *Id.* ¶¶ 13, 42-47.  In July 2008, Sun Life rescinded the policy and returned the premium and interest to the Estate of Gaylord Kumm.  *Id.* ¶ 48.  On August 27, 2008, without changing the nature of the claims, Sun Life filed an amended complaint against the defendants.  **See** Filing No. 18.    Specifically, Sun Life asserts Gaylord Kumm made material misrepresentations in his application regarding his medical condition, insurability, and outstanding insurance coverage.  *Id.*  Such misrepresentations justify rescission of the policy according to Sun Life.  *Id.*

On September 11, 2008, the defendants filed an answer and counterclaim.  **See** Filing No. 19.  The defendants seek payment on the policy asserting Sun Life has breached its obligation to pay benefits due under the policy terms.  *Id.*  On September 25, 2008, the defendants filed a third-party complaint adding the third-party defendants to this action.  **See** Filing No. 22.  The defendants allege claims against the third-party defendants for fraudulent misrepresentation, professional negligence, breach of fiduciary duties, and fraudulent inducement.  *Id.*  The third-party complaint alleges the following facts.  Gerald Bryce, James Grendell, and Bryan Reil are insurance agents who acted as brokers for Sun Life.  *Id.* ¶¶ 7-9.  Mr. Bryce, Mr. Grendell, and Mr. Reil provided financial and life insurance advice to Gaylord Kumm.  *Id.* ¶ 11.  Mr. Bryce and Mr. Grendell are members of Paradigm Financial Services, LLC, a financial services company that assists clients with financial and estate planning, among other investments.  Mr. Bryce, Mr. Grendell, and Mr. Reil purchased and terminated different life insurance policies for Gaylord Kumm and engaged in the practice of churning policies to their benefit, but to the detriment of Gaylord Kumm

and the third-party plaintiffs.  *Id.* ¶ 15.  Mr. Bryce, Mr. Grendell, and Mr. Reil were aware of Gaylord Kumm's medical condition.  *Id.* ¶¶ 16-17.  Gaylord Kumm acted in good faith, in reliance on the advice and services of Mr. Bryce, Mr. Grendell, and Mr. Reil, and without any intent to deceive Sun Life.  *Id.* ¶¶ 12, 17, 20.  Accordingly, the third-party defendants are responsible for any misrepresentation of fact made to Sun Life and are liable to the third-party plaintiffs for any associated losses.  *Id.* ¶¶ 19, 21.

On October 15, 2008, the court entered an initial progression order allowing the parties to commence discovery and setting a deadline of December 31, 2008, for Sun Life to amend the pleadings or add parties.  **See** Filing No. 37.  On December 24, 2008, based on the parties' stipulation, the court entered an order suspending all deadlines contained in the October 15, 2008, Order, until receipt of an amended planning conference report.  **See** Filing Nos. 58 (Stipulation) and 60 (Text Order).  On February 25, 2009, the parties submitted an amended planning conference report, as required by Fed. R. Civ. P. 26(f), to include the change in circumstances of the case after the third-party defendants made an appearance.  **See** Filing No. 74.  In the report, Sun Life indicated it did anticipate the need to amend the pleadings and could do so by May 29, 2009.  *Id.* at 18 ¶ III(A).  More specifically, Sun Life stated it may need to add claims against the defendants and third-party defendants depending on the results of discovery.  *Id.*

On March 3, 2009, the court entered the final progression order setting the trial in this matter for April 19, 2010.  **See** Filing No. 76.  Among other deadlines, the order also set the discovery deadline for February 16, 2010, the lay witness disclosure deadline for January 5, 2010, and the pretrial conference for March 26, 2010.  *Id.*  The order stated, "provisions of the court's earlier, initial progression order remain in effect."  *Id.*  The March 3, 2009, order did not schedule any additional deadlines related to amending pleadings.  On October 8, 2009, the court granted Sun Life's motion to extend the rebuttal expert witness disclosure deadline.  **See** Filing No. 143.  At that time the summary judgment deadline was also extended until December 4, 2009.  *Id.*

On October 30, 2009, Sun Life filed the instant motion seeking to amend the complaint to add defendants to include the current third-party defendants and Jenifer Grendell (collectively "the proposed defendants").  **See** Filing No. 145.  Specifically, Sun

Life seeks to add a claims of negligent misrepresentation, fraud, fraudulent concealment, and unjust enrichment against the third-party defendants and Ms. Grendell. *Id.* Sun Life seeks to add a claim for conspiracy against the third-party defendants and a claim for breach of contract against Paradigm, Mr. Bryce, and Mr. Grendell. *Id.* Additionally, Sun Life seeks to add claims for fraud, fraudulent concealment, and conspiracy against the current defendants Janice and DeAnn Kumm as the personal representatives of the Estate of Gaylord Kumm. *Id.*

As the basis for the new claims, Sun Life alleges the following facts summarized from the proposed Second Amended Complaint. Ms. Grendell serves as an independent producer who assists clients in obtaining life insurance from various insurers. **See** Filing No. 145 - Ex. 1 ¶¶ 17, 25. The proposed defendants obtain information from clients, then submit the information to others for insurance offers, and assist clients with completing the necessary application process. *Id.* ¶ 21. Paradigm receives a commission when a client buys or sells a life insurance policy. *Id.* ¶ 22. Mr. Bryce and Mr. Grendell are paid from Paradigm's commissions. *Id.* ¶ 23. Mr. Reil and Ms. Grendell receive salaries from Paradigm. *Id.* ¶¶ 24-25. Mr. Bryce had a twenty-year friendship with Gaylord Kumm, prior to the insurance relationship that began in 1994. *Id.* ¶ 26. Gaylord Kumm worked with the proposed defendants over time to acquire life insurance and other policies. *Id.* ¶¶ 27-33. In 2004, Gaylord Kumm was experiencing financial problems, which led to a plan to decrease the amount of life insurance premiums paid. *Id.* ¶¶ 31-34. The plan included discussions about selling some existing policies on the secondary market for cash or financing the premiums. *Id.* ¶ 34. Beginning in 2005, Gaylord Kumm and the proposed defendants met to execute the plans, including discussions about concealing material information, and pursued the sale of policies. *Id.* ¶¶ 35-37. At the same time, the proposed defendants also actively pursued the purchase of life insurance policies for Gaylord Kumm. *Id.* ¶¶ 40-42. As part of this process, Mr. Bryce and Mr. Grendell, through a Sales Representative Agreement, submitted life insurance applications to Sun Life. *Id.* ¶¶ 44-51. Ms. Grendell and Mr. Reil assisted Gaylord Kumm in entering information requested by Sun Life during the application process. *Id.* ¶ 53. Ms. Grendell provided certain documents, but omitted other relevant documents, during the process. *Id.* ¶¶ 54-

56. Sun Life alleges the proposed defendants intentionally provided false or misleading information with regard to Gaylord Kumm's medical and insurance information, during the process.

Sun Life asserts it learned many of the facts required for amending the complaint, particularly the fraud claims, during depositions taken in September and October, 2009. In any event, Sun Life argues there is no operative deadline effectively limiting Sun Life's motion. Further, Sun Life contends no party will be prejudiced by the amendments because no additional discovery is needed. However, the discovery deadline has not yet expired, if additional discovery is warranted. Sun Life does not expect the proposed amendment to delay trial.

The third-party defendants oppose Sun Life's proposed amendments. The third-party defendants contend the motion is untimely and Sun Life failed to act diligently in seeking the amendments because Sun Life had ample evidence prior to taking the recent depositions in this case. Further, the third-party defendants argue the amendments would be unduly prejudicial to them and to Ms. Grendell based on the current progression deadlines. Specifically, the third-party defendants state they are concerned about the imminent summary judgment deadline, expiration of expert disclosure deadlines, and time to obtain sufficient discovery on the new claims. Moreover, the third-party defendants contend they may need to secure additional or new legal representation due to the proposed claims, as some of them are outside policy coverage. Finally, the third-party defendants assert Sun Life will not suffer any prejudice by denial of its motion because Sun Life may commence proceedings after a determination is made on the merits of Sun Life's claims against the current defendants.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the

burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.*

As an initial matter, the court finds Sun Life has shown good cause for filing the motion to amend beyond the deadline imposed earlier by the court.[1] Sun Life diligently sought discovery related to the current claims, including discovery from and about the proposed defendants. Sun Life brought the motion to amend shortly after deposing representatives of the proposed defendants. The timing of Sun Life's motion does not provide evidence Sun Life engaged in undue delay particularly under the current discovery and trial schedule.

In contrast, the third-party defendants have failed to sustain their burden of showing unfair prejudice. The parties will have time to complete any necessary discovery as deadlines have not yet expired. Further, the third-party defendants allege their prejudice is occasioned by being restricted to the current progression order. However, the third-party defendants fail to assert any delay necessitated by the addition of the new claims would create undue prejudice. Moreover, the third-party defendants fail to specify what discovery, in addition to that already taken, or expert testimony would be necessary. The third-party defendants merely speculate about possible delay created by possible decisions they may make. Finally, any delay occasioned by the introduction of the proposed defendants would not likely be alleviated by denying Sun Life's motion to amend as to

---

[1] Although Sun Life claims the deadline was unclear, the motion was filed several months after Sun Life's earlier proposed deadline, which was never adopted by the court. Accordingly, it is clear the motion to amend was filed after any conceivable court deadline, with no timely extension sought by Sun Life.

them.  The issues involving the proposed defendants remain intertwined with Sun Life's claims against the current defendants such that the proposed defendants would continue to impact the progression of this case, in whichever capacity the proposed defendants are implicated.

Sun Life has shown good cause to allow the untimely amendment.  Moreover, the proposed amendments are related to the current claims, and will not significantly delay the case or impact discovery requirements.  However, because the deadline for filing summary judgment motions would expire prior to any answers being due on the amended complaint, the court will extend the summary judgment deadline.  The parties shall confer prior to seeking any additional continuances.  Upon consideration,

**IT IS ORDERED:**

1.      Sun Life Assurance Company of Canada's Motion for Leave to File Second Amended Complaint (Filing No. 145) is granted.

2.      Sun Life shall have to **on or before December 7, 2009**, to file the Second Amended Complaint.

3.      The deadline for filing motions for summary judgment is extended from December 4, 2009, to **January 14, 2010**.

DATED this 2nd day of December, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.