# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **SUN LIFE ASSURANCE COMPANY OF CANADA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:08CV290** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **JANICE KUMM and DEANN KUMM, individually and as co-personal representatives of the ESTATE OF GAYLORD KUMM, BEN KUMM, GLEN R. KUMM and STARR KUMM, n/k/a Starr Wallace,** | ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants and Third-Party Plaintiffs,** | ) ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GERALD BRYCE, JAMES GRENDELL, BRYAN REIL and PARADIGM FINANCIAL SERVICES, LLC,** | ) ) ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |

This matter is before the court on the plaintiff's motions for protective order (Filing No.189 and Filing No. 202) and the Joint Motion of Defendants/Third-Party Defendants to Amend Order Setting Final Schedule for Progression of Case (Filing No. 206). These motions have been briefed. Additionally, the court held a telephonic hearing on the motions on January 26, 2010. The parties agreed to mediate their disputes and a Mediation Reference Order will be entered today in accordance with the parties' agreement. The court will resolve the parties' disagreement with regard to the plaintiff's motions for protective order below.

## BACKGROUND

Sun Life Assurance Company of Canada (Sun Life) seeks declaratory judgment and recision of a life insurance policy pursuant to Neb. Rev. Stat. § 44-358. **See** Filing No. 18.

Sun Life issued a life insurance policy with $10,000,000 of coverage to Gaylord Kumm, who executed an application for the policy on April 18, 2006, and died on January 1, 2008. **See** Filing No. 18 - Amended Complaint ¶¶ 8, 27.  As part of the application, Gaylord Kumm provided medical and other life insurance coverage information. *Id.* ¶¶ 12-13.  After Gaylord Kumm's death, Sun Life learned additional information about his medical condition and other life insurance polices. *Id.* ¶¶ 13, 28-47.  DeAnn Kumm, Ben Kumm, Glen R. Kumm, and Starr Kumm are listed as beneficiaries of the policy. *Id.* ¶ 14.  Sun Life asserts Gaylord Kumm made material misrepresentations in his application regarding his medical condition, insurability, and other insurance coverage. *Id.*  Such misrepresentations justify rescission of the policy according to Sun Life.

On September 11, 2008, the defendants filed an answer and counterclaim.  **See** Filing No. 19.  The defendants seek payment on the policy asserting Sun Life has breached its obligation to pay benefits due under the policy terms. *Id.*  On September 25, 2008, the defendants filed a third-party complaint alleging claims against the third-party defendants for fraudulent misrepresentation, professional negligence, breach of fiduciary duties, and fraudulent inducement.  **See** Filing No. 22.  Specifically, the third-party complaint alleges Gerald Bryce, James Grendell, and Bryan Reil are insurance agents who acted as brokers for Sun Life and provided financial and life insurance advice to Gaylord Kumm. *Id.* ¶¶ 7-9, 11.  Mr. Bryce and Mr. Grendell are members of Paradigm Financial Services, LLC, a financial services company that assists clients with financial and estate planning, among other investments.  Gaylord Kumm acted in good faith, in reliance on the advice and services of Mr. Bryce, Mr. Grendell, and Mr. Reil, and without any intent to deceive Sun Life. *Id.* ¶¶ 12, 17, 20.  Accordingly, the defendants assert the third-party defendants are responsible for any misrepresentation of fact made to Sun Life. *Id.* ¶¶ 19, 21.

At this time, the defendants seek to depose Sun Life pursuant to Fed. R. Civ. P. 30(b)(6) and Sun Life employees Joe Kneip and James Cahill in Omaha, Nebraska. **See** Filing No. 183 - Depo. Notice.  Additionally, Mr. Bryce seeks to depose Sun Life pursuant to Fed. R. Civ. P. 30(b)(6) in Omaha, Nebraska.  **See** Filing No. 200 - Depo. Notice.  Sun Life prefers to have the depositions taken in Wellesley Hills, Massachusetts, near Sun

Life's principal place of business.  Sun Life has filed two motions for protective order seeking resolution of the parties' dispute, pursuant to Fed. R. Civ. P. 26(c), and for the court to specify the location for taking depositions of certain Sun Life employees and representatives.  **See** Filing No.189 and Filing No. 202.  Sun Life acknowledges that Mr. Kneip and Mr. Cahill will likely testify regarding matters described in the Rule 30(b)(6) notices as well.  **See** Filing No.189 at 2 n.2.  Sun Life maintains it is not obligated to produce the deponents in Omaha, even though it filed the lawsuit here due to jurisdictional requirements.  Additionally, Sun Life argues good cause, the interests of justice, and other equities exists to require the depositions take place in Massachusetts.  Specifically, Sun Life contends taking the depositions in Nebraska would require three Sun Life representatives to travel from the east coast and to be away from their work and families for three to four days.  **See** Filing No. 191 - Brief p. 6.  These deponents' time would be spent waiting for completion of the other depositions, wasted, and unproductive.  *Id.* Moreover, Sun Life argues the cost of the depositions should be borne by all parties rather than by Sun Life alone.  **See** Filing No. 209 - Reply p. 5.  Finally, Sun Life suggests, but does not provide supporting evidence, that the loss of three employees from Sun Life for three to five days would result in a significant loss of productivity.  *Id.*

The defendants and Mr. Bryce contend the plaintiff did not *involuntarily* file the instant lawsuit (and claims against the third-party defendants) in Nebraska.  In particular, the defendants state Sun Life had the option to await a lawsuit filed by the defendants, but filed this case in federal court for strategic reasons.  **See** Filing No. 203 - Brief p. 4. Additionally, the defendants argue Sun Life has failed to meet its burden of showing any hardship or inability to attend the depositions absent moving them to Massachusetts.  *Id.* The defendants state at least seven attorneys, including Sun Life's counsel, would have to travel to Massachusetts for depositions.  *Id.* at 6.

## ANALYSIS

"[T]here is a well-recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced."  ***Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.****, 187 F.R.D. 578, 588 (D. Minn.*

3

1999). Courts apply this rule to corporate representatives named for depositions pursuant to Fed. R. Civ. P. 30(b)(6), directors and officers. **See** *id.* The exception to the general rule allows a different location for deposition where the plaintiff "can make a compelling showing that [the rule's] application would impose an unduly heavy burden, or that the overall efficiency of the discovery process would be better served by deposing the plaintiff, and its agents, outside of the forum District." *Id.* In any event, the general rules does not apply to ordinary employees. *Id.* at 587. Such employees are subject to another, more generic deposition rule, that "a deponent should be deposed near his or her residence, or principal place of work." *Id.* In ***Archer Daniels***, the court held the plaintiff corporation's "obligation to produce certain [ ] managing agents for depositions in this District, does not trump the right of its lower level employees to insist on being deposed in the State of their residence, or their principal place of employment." *Id.* at 588. Under the circumstances, the ***Archer Daniels*** court determined the depositions of the lower level employees and Rule 30(b)(6) depositions should occur in the same location. *Id.* (listing equities guiding decision).

Sun Life seeks to rely on the more generic deposition rule. However, the court finds the more specific rule applicable in this case. Sun Life is the plaintiff and voluntarily instigated the lawsuit in this forum. The primary cases relied upon by Sun Life applied to defendant deponents. **See *Lehman v. Wal-Mart**, No. 7:09CV5007, 2009 WL 4800540, at *1 (D. Neb. Dec. 08, 2009)* (slip copy) (requiring corporate defendant be deposed near principal place of business); ***Denenberg v. Ruder**, No. 8:05CV215, 2006 WL 1795162, at *1 (D. Neb. June 27, 2006) (unpublished)* (requiring individual defendant, without exceptional circumstances, be deposed near residence). The rules are different for defendants "because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue." ***Archer Daniels**, 187 F.R.D. at 588* ( citing cases).

Additionally, the instant circumstances stand in contrast to the circumstances in ***Archer Daniels***. There are no "ordinary employees" at issue in this case. The two or three deponents are essentially all Rule 30(b)(6) deponents for the plaintiff Sun Life. Further, Sun Life has failed to show transporting two or three people with the attendant

inconveniences outweighs or even approaches the cost, inconvenience, or burden to be borne by the parties, collectively, and their counsel of traveling to Massachusetts.  Upon consideration,

**IT IS ORDERED:**

1.      The plaintiff's motions for protective order (Filing No.189 and Filing No. 202) are denied.

2.      The Joint Motion of Defendants/Third-Party Defendants to Amend Order Setting Final Schedule for Progression of Case (Filing No. 206) is granted as set forth below and in a Mediation Reference Order entered today.

3.      The parties shall have to **on or before April 2, 2010**, to mediate all claims associated with this action.

4.      The deadlines contained in the March 3, 2009, Scheduling Order (Filing No. 76) are canceled.  The court will hold a telephone conference **on April 5, 2010, at 1:30 p.m.**, if necessary, to progress this action to trial.

Dated this 29th day of January, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge