IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) | |
| Plaintiff, | ) ) ) | 8:08CV290 |
| vs. | ) ) | ORDER |
| JANICE KUMM and DEANN KUMM, individually and as co-personal representatives of the ESTATE OF GAYLORD KUMM, BEN KUMM, GLEN R. KUMM, and STARR KUMM n/ka Starr Wallace, | ) ) ) ) ) ) ) | |
| Defendants and Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| GERALD BRYCE, JAMES GRENDELL, BRYAN REIL, and PARADIGM FINANCIAL SERVICES, LLC, | ) ) ) ) | |
| Third-Party Defendants. | ) | |

This matter is before the court following the Mediation Status Report (Filing No. 217) and a telephone conference with counsel on April 5, 2010. Based upon the discussion with counsel:

   **IT IS ORDERED:**
   1.   The mediation stay imposed by the Mediation Reference Order of January 29, 2010 (Filing No. 213) is continued to April 19, 2010.

   2.   In addition to the terms of the Mediation Reference Order (Filing No. 213), the following provision is added:

   a.   Except as otherwise provided herein, all parties, any insurance company having an interest, and their counsel are ordered to attend all mediation sessions scheduled by the mediator. At least one such

        person for each party and insurance company shall have full settlement authority.[1] Such persons and entities are further ordered to prepare for and participate in the mediation in objective good faith.[2]

3.     The parties shall participate in a telephone conference with the undersigned judge at **1:30 p.m. on April 19, 2010**, to report the status of the mediation and/or to schedule this matter for trial. Counsel for Paradigm Financial Services, LLC shall initiate the telephone conference.

DATED this 5th day of April, 2010.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

[1] This requires the physical presence of the client or if a corporate, governmental, or organizational entity, a representative of the client who has both full settlement authority and the realistic freedom to exercise it without negative consequences. Any insurance company that is contractually required to defend or pay damages or which has a subrogation interest must also have a representative present with full settlement authority. "Full settlement authority" means:
    (a) for a defendant, the representative must have final authority, in the representative's own discretion, to pay a settlement amount up to plaintiff's last prayer, or up to plaintiff's last demand, whichever is lower; (b) for a plaintiff, such representative must have final authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to defendant's last offer, whichever is higher; (c) for a client which is controlled by a group, like a board of directors or a claims committee, the representative must have the authority to settle for the group as described above; (d) for an insurance company with a defense or indemnity obligation, the representative must have final authority to commit the company to pay, in the representative's own discretion, an amount up to the plaintiff's last demand if within policy limits, or if not within policy limits, the limits of the policy, whichever is lower; (e) for an insurance company with a subrogation interest in the recovery of party, the representative must have final settlement authority to commit the company to settle, in the representative's own discretion, by dismissal of the interest with prejudice, or to accept a settlement amount down to the opponent's last offer, whichever is lower.
<u>The purpose of this provision is to have at least one person present for each party who has both the authority to exercise his or her own discretion and the realistic freedom to exercise such discretion without negative consequences, to settle the case at the mediation without consulting someone else who is not present</u>.

[2] Plaintiff, Sun Life Assurance Company of Canada, has already reached a tentative settlement in this matter and may be excused from this requirement of this modified mediation order.